## Wytheville.

### HANSBROUGH, EX'OR v. UTZ AND OTHERS.

### Absent, *Moncure*, P.

Wherever an obligation is given for the payment of so many dollars payable before the 20th of October, 1863, the presumption is (in the absence of all proof as to the kind of currency in which it is to be paid) in favor of paying in a sound currency. Enquiry may be made as to the intention of the parties, and very slight proof may change this presumption, *but in the absence of all proof*, the presumption, where the obligation is payable before the 20th of October, 1863, is in favor of a sound currency.

James W. Utz, of the county of Roanoke, died in January, 1863, having made and published his will, which was duly admitted to probat, appointing William M. Utz and Hiram Hansbrough his executors, who qualified as such. He left considerable real and personal estate, one-half of which he devised and bequeath to his son, the said William M. Utz, and the other half to the children of his deceased daughter, Almira V., who was the wife of said Hiram Hansbrough.

In October, 1877, a friendly suit was brought in the circuit court of Roanoke county, in which Charles M. Utz and Anna J., his wife, and James E. Hansbrough and Margaret S. Hansbrough were plaintiffs, and William M. Utz and Hiram Hansbrough, in their own right and as executors of James W. Utz, deceased, were defendants, which had for its object, among other things, the settlement of the executorial accounts of said executors.

The defendants filed their joint answer to the bill, and the court entered a decree referring the cause to one of its commissioners to inquire what estate, real and personal,

said testator left at his decease; what disposition he made of the same by his will, and to state and report the accounts of the defendants as executors aforesaid. Other inquiries were directed to be made and accounts to be settled, which need not be noticed.

The commissioner made his first report in May, 1878, to which several exceptions were filed by the defendant H. Hansbrough, all of which were sustained except "exception 3," to "item of 1st January, 1863," of the account of the executors, which was to the non-scaling of the bond of the testator dated 1st January, 1863, for the payment of $3,976.75 on demand to William M. Utz, which exception was overruled.

The commissioner did scale a certain other bond of the testator to said Wm. M. Utz, dated March 2d, 1862, for $320, payable on demand, to which item the latter, by his counsel, excepted, and the court sustained the exception, and by its decree of 11th day of April, 1879, allowed said William M. Utz, against the testator's estate, the full face amount of said two bonds.

The cause having been referred again to the commissioner to restate the accounts in accordance with the opinion expressed in that decree, the commissioner filed on 17th September, 1879, his second report, to which there was no exception.

On the 13th day of October, 1879, the court, having considered the bill of review, which had been filed by the said H. Hansbrough, and the answer and demurrer thereto, and the second report of the commissioner, confirmed the said report, and dismissed the bill of review on the ground that there was no error in the decree (of 11th of April, 1879) complained of; and on the 10th day of April, 1880, entered its decree confirming expressly the second report, especially wherein it states the indebtedness of the testator's estate to Wm. M. Utz to be $11,923.45, with interest

Hansbrough, Ex'or v. Utz and others.

on $7,710.38 from 1st April, 1878 ; and ordered that said H. Hansbrough pay to said Wm. M. Utz $7,637.10, with interest on $4,396.90 from 1st May, 1878, thus basing its last decree on the principle of the non-scaling of the two bonds aforesaid.

From these three decrees, of 11th April, 1879, 13th October, 1879, and 10th April, 1880, respectively, the said H. Hansbrough, executor of James W. Utz, deceased, applied to one of the judges of this court for an appeal and *supersedeas,* which was awarded.

*G. W. Hansbrough,* for appellant.

*Johnson & Logan,* for appellee.

CHRISTIAN, J., delivered the opinion of the court.

This case presents a single question, and that is, whether the circuit court erred in refusing to scale the bond in the bill and proceedings mentioned for the sum of $3,976.75 dated 1863—payable on demand.

The bond is in these words :

" $3,976.75. On demand I promise to pay to William M. Utz the full sum of thirty-nine hundred and seventy-six dollars and seventy-five cents, for value received, for which payment I bind myself, my heirs, &c. Given under my hand and seal this 1st day of January, 1863.

(Signed) "JAMES W. UTZ, [Seal.]"

No evidence was offered on either side to show *what was the consideration* of the bond, or whether it was payable in Confederate currency, or in sound currency.

It is insisted, however, by the learned counsel for the appellant, that the mere fact that the bond bears date 1st of January, 1863, payable *on demand*, is of itself sufficient to create a presumption that the bond was payable in Confederate currency, because that was the only currency then in circulation. We think the rule is correctly stated by that distinguished jurist, Judge Joynes, in the case of *Omohundro, Ex'or* v. *Crump*, 18 Gratt. 705, in which, after saying " the word 'dollars' has a definite signification fixed by law," proceeds to say " the argument is" (the same made in this case) " that the note having been made after the establishment of the Confederate States, must be considered as made with reference to the actual currency of those States, and that as Confederate notes were the actual currency of those States at the time the note became payable, it was payable in that currency. It must be remembered, however, that Confederate notes were never made a legal tender. They were never the lawful money of the country, but only a substitute for money like bank notes. Gold and silver were the lawful money of the Confederate States at the time this note was made and also at the time it became payable." The legal presumption is that such a note is payable in specie.

" There was no law (he continues) of the Confederate States, or of the State of Virginia, controlling or affecting this legal presumption, until the act of assembly passed October 14th, 1863.

" That act provided that all contracts made and entered into *after* the 20th October, 1863, should be deemed payable in such currency as should at the time of their becoming payable be receivable in payments to the State of Virginia, unless that intendment should be expressly excluded. This act indicates the sense of the legislature that there was no presumption independently of its provision. The act of 3d March, 1866, provided that as to all contracts

made after the 1st January, 1862, *an inquiry* might be made to ascertain what sort of currency was really contemplated by the parties. That act was wholly unnecessary if, as now contended, every contract made in the Confederate States must be deemed payable in the actual currency at the time of its becoming payable." Judge Joynes further says that in a case occurring *before* the 20th of October, 1863, the legal presumption in the absence of proof is in favor of payment in a sound currency.

I have quoted thus largely from the opinion of Judge Joynes in *Omohundro v. Crump,* 18 Gratt. 703, because he has so clearly and concisely stated the rules of law applicable to this case, and there is nothing contrary to these views in the numerous decisions of this court with respect to contracts made during the term. The case of *Walker* v. *Pierce,* 21 Gratt. 722, so much relied on by the counsel for the appellant, is not at all in conflict with this view. In that case the obligation was dated *after* the 20th October, 1863, and the presumption declared by the statute expressly applied.

I think the rule upon the authority of *Omohundro* v. *Crump,* which has never been questioned, may be stated thus : Wherever an obligation is given for the payment of so many dollars payable before the 20th October, 1863, the presumption is (in the absence of all proof as to the kind of currency in which it is to be paid) in favor of payment in a sound currency. Inquiry, of course, may be made as to the intentions of the parties, and very slight proof may change this presumption, *but in the absence of all proof,* the presumption, when the obligation is payable before the 20th of October, 1863, is in favor of a sound currency.

Applying this rule to the case before us, the circuit court did not err in refusing to scale the bonds in question. This is the more apparent in this case because the commissioner, in the settlement of the executorial act, lists

this bond as "a bond of this date, in lieu of Hiram Hansbrough's bond to Wm. M. Utz, *dated before the war*."

It is manifest the commissioner regarded this as an *ante bellum* debt. No evidence was offered to disprove it.

It was easy to have contradicted this statement if untrue; and in the absence of proof we must accept that statement as true.

For the reasons stated, I am of opinin that there is no error in the decree of the circuit court and that the same should be affirmed.

DECREE AFFIRMED.